ORDERED.

Dated: August 03, 2021

_/s/ Jerry A. Funk_
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

EDITH M. RENFROE,

    Debtor.
_____/

Chapter 13
Case No.   3: 20-bk-3074-JAF

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case came before the Court upon the Debtor's Objection to Claim 5-1 filed by Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2006-05 ("Deutsche Bank") (Doc. 67).  The Court conducted a trial on the Objection on May 17, 2021.  Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### **Findings of Fact**

On October 19, 2020, the Debtor filed this Chapter 13 bankruptcy case.  On December 21, 2020, Deutsche Bank filed proof of Claim 5-1 related to a residential mortgage loan (the "Mortgage Debt") and residence located in Jacksonville, Florida (the "Property").  Claim 5-1 indicates that

Deutsche Bank is the creditor, and Nationstar Mortgage, LLC d/b/a Mr. Cooper is the servicer of the loan, the entity to whom notices and payments should be sent. The Mortgage Proof of Claim Attachment states:

> Nationstar Mortgage LLC d/b/a Mr. Cooper services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of "Deutsche Bank National TrustCompany, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-5." Noteholder directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

The Mortgage Debt originated on April 11, 2006, when the Debtor borrowed $900,000 from Countrywide d/b/a America's Wholesale Lender. The Debtor executed a promissory note and a mortgage securing payment of the note. The Debtor has not made a mortgage payment since September 2009.

On March 1, 2010, the note and mortgage were assigned from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale Lender, to Deutsche Bank. (Deutsche Bank's Ex. 3). On March 26, 2010, Deutsche Bank filed a foreclosure action as to the Property (the "First Foreclosure Case") in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida (the "Circuit Court"). (Debtor's Ex. 5). On October 8, 2013, after Deutsche Bank failed to respond to a notice of intent to dismiss for failure to prosecute, the Circuit Court dismissed the First Foreclosure Case without prejudice. (Debtor's Ex. 8). By order dated February 14, 2014, the Circuit Court ordered Deutsche Bank to pay the Debtor's attorney's fees and costs of $5,500.00. (Debtor's Ex. 9).

On October 17, 2013, the note and mortgage were assigned from Bank of America, N.A. to Nationstar Mortgage, LLC. (Deutsche Bank's Ex. 3). On August 27, 2014, Nationstar Mortgage, LLC ("Nationstar") filed a foreclosure action as to the Property (the "Second Foreclosure Case") in the Circuit Court. (Deutsche Bank's Ex. 7). In the Complaint, Nationstar alleged that it held the note and mortgage but did not indicate that it was acting as a servicer on behalf of Deutsche Bank or otherwise refer to Deutsche Bank in any manner. (Id.) On February 13, 2017, the Circuit Court entered a Final Judgment of Foreclosure (the "Foreclosure Judgment") where it found that Nationstar held a first mortgage lien on the Property in the amount of approximately $1.2 million. (Deutsche Bank's Ex. 9). The only reference to Deutsche Bank in the Foreclosure Judgment relates to the First Foreclosure Case.

The Debtor appealed the Foreclosure Judgment to the First District Court of Appeal, which the court affirmed per curiam on March 6, 2018. (Deutsche Bank's Ex. 13). On May 1, 2018, the Debtor filed a Motion to Vacate the Foreclosure Judgment, which the Circuit Court denied on May 14, 2018. (Deutsche Bank's Ex. 12). The Debtor appealed the Order Denying the Motion to Vacate the Foreclosure Judgment to the First District Court of Appeal, which the court affirmed per curiam on February 25, 2019. (Id.)

### Conclusions of Law

"Bankruptcy Rule 3001(f) provides that a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim." In re Taylor, 363 B.R. 303, 307 (Bankr. M.D. Fla. 2007). "In the absence of an objection by a party in interest, a proof of claim is allowed as filed pursuant to Bankruptcy Code [§] 502(a), whether prima facie valid or not." Id. at 308. If a party objects to a claim, the objecting party carries the initial burden to produce legally sufficient evidence refuting the prima facie validity of claim. Id. After the

objecting party meets its initial burden of production, the ultimate burden of persuasion remains with the claimant to establish the validity and amount of the claim by a preponderance of the evidence. Id.

Section 501 of the Bankruptcy Code permits a creditor, defined as an entity that has a right to payment from the debtor that arose before the bankruptcy filing, to file a proof of claim. 11 U.S.C. §§ 501, 101(5), and 101(10). An entity entitled to foreclose a mortgage has standing to assert a claim in a bankruptcy case. In re Zalloum, 2019 WL 548545 at *3 (Bankr. M.D. Fla. Feb. 11, 2019). A party can demonstrate standing to foreclose a mortgage by filing an assignment or by producing an original note with a special endorsement in favor of the plaintiff or a blank endorsement. McLean v. JP Morgan Chase Bank Nat. Ass'n, 79 So.3d 170, 179 (4th D.C.A. 2012); see also In re Balderrama, 451 B.R. 185, 188 (Bankr. M.D. Fla. 2011) (noting that holder of debt underlying mortgage was entity holding original, properly executed, and endorsed promissory note).

The Debtor argues that Claim 5-1 should be disallowed because Deutsche Bank does not have a lien on the Property. Deutsche Bank argues that it has a judicial lien on the Property by virtue of the Foreclosure Judgment and that the Debtor is barred from relitigating the issue by the Rooker-Feldman doctrine, res judicata, and claim preclusion. The Court has thoroughly reviewed the record and evidence in this case. Other than stating in Claim 5-1 that Nationstar is its servicer, Deutsche Bank failed to prove that Nationstar acted on its behalf in the Second Foreclosure Case. Neither the Complaint in the Second Foreclosure Case nor the Foreclosure Judgment indicated that Nationstar acted on Deutsche Bank's behalf. The only mention of Deutsche Bank in the Foreclosure Judgment is a reference to the First Foreclosure Case. Additionally, Deutsche Bank has neither submitted a proof of assignment nor proven that it holds the note. The Court finds that

the Debtor rebutted the prima facie validity of Claim 5-1.  Deutsche Bank failed to establish the validity of the Claim by a preponderance of the evidence.  Accordingly, the Court will sustain the Objection to Claim without prejudice to Deutsche Bank perfecting its claim. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Clerk's Office to Serve